# UNITED STATES DISTRICT COURT

for

# WESTERN DISTRICT OF TENNESSEE

FILED BY _____ D.C.

05 NOV 18 PM 12: 07

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

### NICHOLOUS HAYMON

Docket No. <u>2:99CR20185-003-G</u>

### Petition on Supervised Release

**COMES NOW Bobby E. Appleton**, PROBATION OFFICER OF THE COURT *presenting an official report upon the conduct and attitude of* <u>Nicholous Haymon</u>, *who was placed on supervision by the Honorable* <u>Julia S. Gibbons</u> *sitting in the Court at* <u>Memphis, TN,</u> *on the* <u>17th</u> *day of* <u>March</u>, <u>2000</u>, *who fixed the period of supervision at* <u>three (3) years</u>, *and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:*

*The defendant shall participate in substance abuse treatment/testing as deemed appropriate by the probation office.*

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**
(If short insert here; if lengthy write on separate sheet and attach)

SEE ATTACHED MEMORANDUM.

**PRAYING THAT THE COURT WILL ORDER** *the issuance of a Supervised Release Violation Warrant.*

### ORDER OF COURT

*Considered and ordered this* **17th** *Day of* **November**, *2005, and ordered filed and made a part of the records in the above case.*

_____
Honorable Bernice B. Donald
U.S. District Court Judge

*I swear under penalty of perjury that the foregoing is true and correct.*

*Bobby E. Appleton*
Bobby E. Appleton
U.S. Probation Officer

Place: Jackson, TN
Date: November 10, 2005

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on _____

(118)

# VIOLATION WORKSHEET

1. Defendant: <u>Nicholous Haymon</u>

2. Docket Number (Year-Sequence-Defendant No.) <u>2:99CR20185-03</u>

3. District/Office <u>Western District of Tennessee, Western Division</u>

4. Original Sentence Date    <u>03</u>     <u>17</u>     <u>2000</u>
                              month    day    year

   (If different than above):

5. Original District/Office <u>N/A</u>

6. Original Docket Number (Year-Sequence-Defendant No.) <u>N/A</u>

7. List each violation and determine the applicable grade {see §7B1.1}:

| Violation{s} | Grade |
|---|---|
| New Felony Offense: Sale of Schedule II Controlled Substance - Cocaine (1 specification) | A |
| New Misdemeanor Offense: Possession of cocaine (2 specifications) | C |
| Standard Condition No. 7: Possession and/or use of cocaine (2 specifications) | C |
| Standard Condition No. 11: Failure to notify probation officer of new arrest within 72 hours (1 specification) | C |
| Special Condition: Failure to participate as required in substance testing and/or treatment (5 specifications) | C |

8. Most Serious Grade of Violation (see §7B1.1(b))          A

9. Criminal History Category (see §7B1.4(a))74              III

10. Range of imprisonment (see §7B1.4(a))              18 - 24 months

11. Sentencing Options for Grade B and C violations Only (Check the appropriate box):

    { }  (a) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    { }  (b) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    { }  (c) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

    Mail documents to: United States sentencing Commission, 1331 Pennsylvania Avenue, N.W.
    Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit

12. **Unsatisfied Conditions of Original Sentence**

   List any restitution, fine community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

   | Restitution | ($) | Community Confinement |
   |---|---|---|
   | Fine | ($) | Home Detention |
   | Other | | Intermittent Confinement |

13. **Supervised Release**

   If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of § §5D1.1-1.3 {see § §7B1.3(g) (1)}.

   N/A

   If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g) (2)}.

14. **Departure**

   List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

   The defendant received a significant downward departure, pursuant to § 5K1.1 and 18 U.S.C. § 3553(e), in his original sentence. Pursuant to Application Note4 of § 7B1.4, an upward departure may be warranted.

15. **Official Detention Adjustment** {see §7B1.3(e)}: N/A

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 118 in case 2:99-CR-20185 was distributed by fax, mail, or direct printing on November 21, 2005 to the parties listed.

---

Joseph C. Murphy
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT